**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 20-cv-02548-RM-MEH

MIGUEL BEDOY, and
ERAGDI ADRIANA MACIAS,

      Plaintiffs,

v.

NBCUNIVERSAL MEDIA, LLC, and
TELEMUNDO OF DENVER LLC d/b/a KDEN-TV,

      Defendants.

---

## ORDER

---

This lawsuit brought under the Fair Labor Standards Act ("FLSA") is before the Court on Defendants' Motion to Compel Arbitration and Stay Proceedings Pending Arbitration. (ECF No. 15.)  The motion has been fully briefed. (ECF Nos. 16, 19, 24.)  For the reasons below, the motion is granted.

## I.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires a court to compel arbitration pursuant to the terms of the parties' agreement if (1) a valid agreement exists and (2) the asserted claims are within the scope of that agreement.  9 U.S.C. § 4.  In evaluating the first requirement, the traditional presumption in favor of arbitration does not apply.  *See Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d. 775, 779-80 (10th Cir. 1998).  With respect to the second requirement, the question of whether the parties agreed to arbitrate may be decided by the

arbitrator, not the court, if the parties "clearly and unmistakably" so provide. *Id.* at 779. The party moving to compel arbitration bears a burden akin to that of a party moving for summary judgment. *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1261 (10th Cir. 2012). Once Defendants have met their initial burden of demonstrating the existence of an enforceable agreement, Plaintiffs must rebut that showing with evidence establishing a genuine dispute as to whether the agreement applies. *See id.* Generally, a court applies principles that govern the formation of contracts under state law to determine whether parties have agreed to arbitrate a dispute. *Walker v. BuildDirect.com Techs., Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013).

## II.   BACKGROUND

Plaintiffs' employment with Defendant Telemundo of Denver LLC began in April and May 2018, at which times they each agreed to resolve certain employment disputes in accordance with an arbitration agreement. They allege generally that they were subjected to discrimination and a hostile work environment. After their employment ended, they filed this lawsuit, asserting various claims for violations of the FLSA, Colorado law, the Americans with Disabilities Act, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981, as well as promissory estoppel. Defendants assert that Plaintiffs expressly agreed to arbitrate all claims arising from their employment.

## III.   ANALYSIS

As a threshold matter, the Court agrees with Plaintiffs' contention that the arbitration agreement must be construed in accordance with New York law, as the agreement expressly provides. (*See* ECF No. 15-7 at 10.)

Citing N.Y. C.P.L.R. § 7515, which prohibits clauses that require parties to a contract to submit to mandatory arbitration to resolve any allegation or claim of discrimination, Plaintiffs contend that the arbitration agreement is unenforceable.  However, that statute did not become effective until July 11, 2018, and it expressly applies to contracts entered into on or after that date.  § 7515(b)(i); *see also Latif v. Morgan Stanley & Co. LLC*, No. 18cv11528 (DLC), 2019 WL 2610985, at *3 (S.D.N.Y. June 26, 2019).  There is no dispute that Plaintiffs entered into the arbitration agreement before July 11, 2018.  Moreover, § 7515(b)(i) expressly provides that the prohibition does not apply where its application would be inconsistent with federal law, § 7515(b)(i).  In *Latif*, the court determined that "application of Section 7515 to invalidate the parties' agreement to arbitrate Latif's claims would be inconsistent with the FAA."  2019 WL 2610985, at *3.  Accordingly, § 7515 does not render the arbitration agreement here unenforceable.

Next, Plaintiffs make arguments about the scope of the arbitration agreement and whether Defendants have waived their right to pursue arbitration by failing to adhere to the process set forth in the agreement.  However, the arbitration agreement clearly and unmistakably provides that these issues are for the arbitrator to decide.  (*See* ECF No. 15-7 at 22 ("The Arbitrator, and not any court or agency, shall have exclusive authority to resolve any dispute relating to the applicability, interpretation, formation or enforceability of this Agreement including, but not limited to, any claim that the entirety or any part of this Agreement is voidable or void."); *id.* at 5-6 ("Covered Claims include all claims that arise out of or are related to an employee's employment or cessation of employment," including "promissory estoppel" and "[c]laims of violation of this procedure.").)

Finally, Defendants seek attorney fees and costs incurred in connection with their motion. As the prevailing party, they are entitled to their costs under Fed. R. Civ. P. 54(d)(1).  Moreover, the Court agrees that under 28 U.S.C. § 1927, Plaintiffs have "unreasonably and vexatiously" multiplied the proceedings by forcing Defendants to file their motion and by opposing it on the grounds stated in their response.  A modicum of research into § 7515 should have made apparent to Plaintiffs' counsel that it does not provide a basis for rendering the arbitration agreement unenforceable, and the other arguments Plaintiffs raise are clearly within the express terms of the agreement itself.

## IV.    CONCLUSION

Therefore, the Court ORDERS that (1) Defendants' motion to compel (ECF No. 15) is GRANTED; (2) pursuant to Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3, and after meaningful conferral, Defendants may file a compliant motion for attorney fees and costs within thirty days of the date of this Order; and (3) pursuant to D.C.COLO.LCivR 41.2, and with the exception of the matter of fees and costs, this case is ADMINISTRATIVELY CLOSED subject to reopening for good cause.

DATED this 11th day of January, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge