IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:20-cv-02548-RM-MEH

MIGUEL BEDOY, and
ERAGDI ARIANA MACIAS,

    Plaintiffs,

v.

NBCUNIVERSAL MEDIA, LLC, and
TELEMUNDO OF DENVER LLC d/b/a KDEN-TV,

    Defendants.

## ORDER

This matter is before the Court on Defendants' motion for attorneys' fees (ECF No. 28). Plaintiffs have filed a response to the motion (ECF No. 29) and Defendants have filed a reply (ECF No. 30). Thus, the motion has been fully briefed and is ripe for decision. For the reasons below, the motion is granted.

**I.    BACKGROUND**

On January 11, 2021, the Court granted Defendants' motion to compel arbitration and stay of proceedings pending arbitration (the "Motion to Compel") (ECF No. 15). Pursuant to the Court's Order, Defendants were permitted to move for attorney fees and costs within thirty days under Fed. R. Civ. P. 54(d) and D.C.COLO.LCivR 54.3. On February 10, 2021, Defendants filed an application for attorneys' fees and a declaration establishing the amount of fees to be $14,068.00.[1] (ECF No. 28.)

---

[1] Defendants do not seek to recover any costs associated with the Motion to Compel.

## II. DISCUSSION

Having already ruled that Defendants are entitled to their fees and costs, the Court assesses here only the reasonableness of the amount requested. The Court begins by calculating the lodestar amount of the fee, which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Plaintiffs do not challenge the reasonableness of the rates (on average, $391.87 per hour) charged by Defendants' counsel. Upon review, the Court finds the average rate charged by Defendants' counsel is reasonable in light of the complexity of the issues in this case, the tasks performed, and the qualifications of counsel. *See Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996) (setting forth factors court should consider in evaluating reasonableness of fees). What Plaintiffs do challenge are the number of hours billed by Defendants' counsel. (ECF No. 29 at 1.)

In determining a fee award, the Court is required to determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy*, 73 F.3d at 1017 (citations omitted). Factors considered in a reasonableness determination include (a) the hours that would be properly billed to one's client in accordance with good "billing judgment," (b) time spent on specific tasks, and (c) duplication of efforts. *Id.* at 1017-18. In exercising good billing judgment, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 434 (1983). The Court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy*, 73 F.3d at 1018 (citation omitted).

Here, Defendants' counsel expended 35.9 hours in connection with the Motion to Compel. These hours were expended by three attorneys, Stephen Fuchs, Erin Webber, and David Gartenberg and a paralegal, Karin Elsen. (ECF No. 28-2.)

First, Plaintiffs argue that because litigating this matter spanned two months, as opposed to five months which Defendants posit in their motion for fees, the number of hours billed were unreasonable. This argument lacks merit. There is nothing to indicate that Defendant's counsel could not have expended 35.9 hours on this matter over the course of two months. Further, examining the timecard detail report submitted by Defendant's counsel indicates that many entries occurred over a three-month period. (ECF No. 28-2.) And, as Plaintiffs point out, the notice of right to sue letters were issued in August, five months prior to final adjudication of the Motion to Compel. (ECF No. 29 at 8.) In this regard, the hours expended by counsel in representing Defendants in this matter are not unreasonable given the duration of litigation.

Next, Plaintiffs argue that because Defendants failed to address the applicability of a statute as it relates to mandatory arbitration in their Motion to Compel, the time Defendants spent drafting it and their reply is unsubstantiated. This argument also lacks merit. Defendants prevailed on their Motion to Compel giving rise to this award of attorney fees and they are not required to address each of Plaintiffs' potential arguments in their briefs along the way.

Finally, Plaintiffs argue that certain timekeeping entries are redundant, excessive, or unrelated to the Motion to Compel. Plaintiffs contest a number of entries Defendants' counsel included in their timecard detail report but fail to provide sufficient basis explaining why those entries do not comport with good billing judgment. For example, Plaintiffs argue that 1.4 hours Defendant's counsel billed to review four notice of right to sue letters were excessive. The Court, however, is unpersuaded by this argument and finds no cause to believe the time expended on this task was unreasonable.

Likewise, Plaintiffs' argument that 31.5 hours Defendant's counsel billed for briefing the Motion to Compel were excessive because a few of the entries relate to "revising" and "finalizing" the briefs is unconvincing. Plaintiffs fail to explain why time spent revising and

finalizing briefs is excessive or redundant or even articulate the appropriate number of hours which ought to have been billed for drafting documents related to the Motion to Compel. After reviewing the motion and its supporting briefs, expending 31.5 hours is reasonable.

In light of the complexity of the legal and factual issues and the time and effort involved (from conferral to the filing of the motion through final disposition), the Court finds that the number of hours expended are reasonable.

### III. CONCLUSION

Based on the forgoing, it is **ORDERED** that Defendants' motion for attorneys' fees (ECF No. 28) is **GRANTED** in the amount of $14,068.00.

DATED this 28th day of June, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge